UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCOTTY J. TROSCLAIR | NUMBER 11-2324 |
| | SECTION "F" |
| VERSUS | HON. MARTIN L.C. FELDMAN |
| | MAGISTRATE JUDGE |
| OFFSHORE MARINE CONTRACTORS, INC | HON. SALLY SHUSHAN |

**ANSWER AND AFFIRMATIVE DEFENSES
OF OFFSHORE MARINE CONTRACTORS, INC.**

NOW INTO COURT, through undersigned counsel, comes OFFSHORE MARINE CONTRACTORS, INC. (hereinafter sometimes referred to as "OMC"), who in answer to the complaint herein of plaintiff, Scotty J. Trosclair, does aver as follows:

FIRST DEFENSE

The complaint of Scotty J. Trosclair fails to state a claim on which relief can be granted.

ANSWER

**AND NOW**, in specific answer to the complaint herein filed originally as a Louisiana state court Petition for Damages (hereafter "Complaint") defendant, Offshore Marine Contractors, Inc. ("OMC") does aver as follows:

1.

Defendant, OMC, generally admits its status as a domestic corporation and further admits that its principal place of business is within the State of Louisiana, specifically within the Parish of Lafourche as alleged. All other allegations contained in Paragraph 1 constitute legal conclusions and as such no further response from this defendant.

2.

The allegations contained in Paragraph 2 call for legal conclusion, and as such, no answer

from this defendant is necessary.  To the extent that the Court deems the allegations of paragraph 2 require a response from this defendant, OMC denies any liability to plaintiff.

3.

The allegations contained in Paragraph 3 are denied. In further answering, OMC avers that on or about August 25, 2009 petitioner, Scotty Trosclair ("Mr. Trosclair"), applied for the specific position of "marine electrician" and was hired in that capacity. In connection with his application, Mr. Trosclair represented that he was the holder of a USCG License, specifically a 100 ton master / 200 ton mate license and as such was capable of being hired as a member of a crew of a vessel. At all times material, OMC employed Mr. Trosclair as a marine electrician in said capacity routinely assigned to its fleet of vessels in operation in coastwise navigation in the Gulf of Mexico for the specific purpose of keeping those vessels operational in service thereof.

4.

The allegations contained in Paragraph 4 call for legal conclusion, and as such, no answer from this defendant.  To the extent that the Court deems the allegations of paragraph 4 require a response from this defendant, they are denied. In further answering, OMC avers that at all times material Mr. Trosclair was an "exempt" employee in that during his tenure with OMC his employment was such that he falls within the definition of "seaman" under the Fair Labor Standards Act of 1938, as amended.

5.

The allegations contained in Paragraph 5 are denied.

6.

The allegations contained in paragraph 6 are denied.  OMC specifically denies that it owes Mr. Trosclair any overtime wages irrespective of his status.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in Paragraph 8 purport to be conclusions of law, and as such,

do not require a response from this defendant. To the extent that the Court requires a response from this defendant, the allegations of Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 of petitioner's complaint refer to an alleged violation of the Louisiana Unfair Trade Practice and Consumer Protection Law, LSA-R.S. 51:1401, et seq., but said complaint does not state any allegations or contain any factual reference to said act. Out of an over abundance of caution, OMC denies the allegations of Paragraph 9 in their entirety.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

OMC pleads the doctrine of accord and satisfaction as a bar to plaintiff's suit. Plaintifff has been fully paid for all wages owed by OMC as his employer from the date of hire through the date of termination.

### Third Affirmative Defense

OMC pleads the doctrine of payment as a bar to plaintiff's suit. Plaintifff has been fully paid for all wages owed by OMC as his employer from the date of hire through the date of termination.

### Fourth Affirmative Defense

OMC avers that at all times material plaintiff, Mr. Trosclair, was a "seaman" as that term is defined under the Fair Labor Standards Act of 1938, as amended, and as such plaintiff is not entitled to, or to claim entitlement to, overtime wages under the Act.

### Fifth Affirmative Defense

OMC avers that the claims asserted are barred in whole or in part by defendant, OMC's, good faith and that all actions of OMC were taken in good faith and in reliance on a reasonable interpretation of the FLSA.

**WHEREFORE**, OFFSHORE MARINE CONTRACTORS, INC. prays that this answer be deemed good and sufficient, and that after due proceedings are had, the claims filed by Scotty J. Trosclair be dismissed, with prejudice, with all costs assessed against plaintiff, and for all such other general and equitable relief as is deemed just and proper.

Respectfully submitted:
**OFFSHORE MARINE CONTRACTORS, INC.**

s/ Martin S. Bohman
MARTIN S. BOHMAN  (T.A.) (#22005)
133 W. 113TH Street
Cut Off, Louisiana 70345
Telephone (985) 632-7927
Facsimile  (985) 632-3704

*And*

**CARLETON | LORASO, L.L.C.**

s/Victor R. Loraso, III
VICTOR R. LORASO, III  (# 31239)
9311 Bluebonnet Boulevard, Suite B
Baton Rouge, Louisiana
Telephone (225) 282-0602
***ATTORNEYS FOR OFFSHORE MARINE CONTRACTORS, INC.***

### CERTIFICATE OF SERVICE

I hereby certify that on this the 19TH day of September, 2011, I filed by electronically transmitting a true and correct copy of the above and foregoing Answer and Affirmative Defenses to the Court's CM/ECF system, which should send a notice of electronic filing to all parties and counsel who are Filing Users. I further certify that service was accomplished this date on any party or counsel who is not a Filing User in accordance with the Federal Rules of Civil Procedure and the Local Rules.

s/Martin S. Bohman
MARTIN S. BOHMAN