UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SCOTTY J. TROSCLAIR                                CIVIL ACTION

v.                                                 NO. 11-2324

OFFSHORE MARINE CONTRACTORS, INC.                  SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment. For the reasons that follow, the motion is DENIED.

**Background**

This lawsuit arises from a marine electrician's claim that his employer failed to pay him overtime wages.

Scotty Trosclair worked for Offshore Marine Contractors, Inc. as a marine electrician from September 15, 2009 through June 8, 2011. Offshore Marine operates a fleet of eleven lift-boats ("jack-up" vessels) in various locations in the Gulf of Mexico; this fleet provides the petroleum industry with a fully equipped vessel and for use in oil and gas exploration, plug and abandonment jobs, and other various activities in the Gulf of Mexico. As a marine electrician for Offshore Marine, Trosclair's duties involved general maintenance and repair of electrical equipment; he provided services to the fleet of liftboats, as well as to Offshore Marine's

1

hunting camp, houseboat, and its shop in Cutoff, Louisiana.

On August 10, 2011 Trosclair sued Offshore Marine in state court, claiming that Offshore Marine failed to pay him overtime compensation in violation of the Louisiana Unfair Trade Practice and Consumer Protection Law.  Offshore Marine removed the suit to this Court, invoking this Court's federal question jurisdiction based on the plaintiff's claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  Offshore Marine now seeks summary relief dismissing Trosclair's claims on the ground that he is exempt from the overtime wage provisions of the FLSA because he is a seaman within the meaning of 29 U.S.C. § 213(b)(6).

## I. Standard for Summary Judgment

*A.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

*B.*

Pursuant to Federal Rule of Civil Procedure 56(c)(2), the defendant in its reply papers objects to material submitted by the plaintiff in opposition to the defendant's motion. Before reaching the issue of whether the defendant is entitled to summary judgment

3

dismissing the plaintiff's claims under 29 U.S.C. §§ 207 and 216(b) for unpaid overtime wages, the Court must first resolve the defendant's objection to an "employment record" submitted by the plaintiff.

While the standard for granting summary judgment was not changed when Rule 56 was amended in 2010, the amendments sought to "improve the procedures for presenting and deciding summary-judgment motions...." See 2010 Amendments Comments on Fed.R.Civ.P. 56. The comments accompanying the 2010 amendments to Rule 56 explain that subsection (c) "establishes a common procedure for several aspects of summary-judgment motions synthesized from similar elements developed in the cases or found in many local rules."[1]  Amended Rule 56(c)(1) provides that a party opposing summary judgment may support its contention that a fact cannot be or is genuinely disputed by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[1]The comments accompanying the 2010 amendments note that:

> Subdivision(c)(1)(A) describes the familiar record materials commonly relied upon and requires that the movant cite the particular parts of the materials that support its fact positions.  Materials that are not yet in the record–including materials referred to in an affidavit or declaration–must be placed in the record....

4

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). Revised Rule 56(c)(2) provides the procedure parties may invoke when a fact is supported by inadmissible evidence:

> **Objection That a Fact is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed.R.Civ.P. 56(c)(2). According to the comments following the new rule:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted to the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Finally, the amended procedures subsection of Rule 56 addresses materials in the record not cited by the parties and requirements for affidavits and declarations:

> (3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.
> (4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

5

*C.*

Applying this revised procedure, and mindful of the accompanying comments, the Court finds that the defendant's objection to the "employment record" has merit. The defendant insists that the document entitled OMC Weekly Work Report for Scotty Trosclair is not an OMC document; Offshore Marine contends that the document is unauthenticated and, therefore, incompetent summary judgment evidence. However, even disregarding the purported employment record submitted by the plaintiff (assuming that it cannot be presented in an admissible form at trial),[2] the plaintiff has submitted competent summary judgment evidence in the form of his sworn affidavit, which discloses a genuine dispute as to a material fact regarding whether or not he is a "seaman" under the FLSA and, therefore, exempt from the FLSA's overtime compensation requirements.

II.

Trosclair seeks to recover unpaid overtime wages, liquidated damages, and attorney's fees and costs under 29 U.S.C. §§ 207, 216(b); he claims that Offshore Marine failed to compensate him at a rate of time and a half when he worked for longer than 40 hours during a workweek.

---

[2]This new procedure calls on the proponent of evidence, when the admissibility of such evidence is placed at issue, to show that the evidence can be presented in a form that *would be* admissible. Trosclair has made no effort to show that the material is admissible as presented.

The Fair Labor Standards Act requires employers to provide compensation to an eligible employee for each hour worked in excess of 40 at a rate of not less than one and one-half times an employee's regular rate. 29 U.S.C. § 207(a)(1). In requesting summary relief dismissing Trosclair's claims seeking to recover overtime compensation under the FLSA, Offshore Marine invokes the seaman exemption found at 29 U.S.C. § 213(b)(6), contending that Trosclair is exempt from FLSA's overtime compensation requirements.

Exempt from the FLSA's overtime requirements is "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). The FLSA does not define "seaman" but the interpretive regulations consider a seaman to be "one who is aboard a vessel necessarily and primarily in aid of its navigation." 29 C.F.R. § 783.29. In particular, Offshore Marine contends that Trosclair falls within the regulation's provision that an employee is a seaman if

> he performs, as master or subject to the authority, direction and control of the master and aboard a vessel operating on navigable waters, service rendered primarily as an aid in operating the vessel as a means of transportation, provided he performs no substantial amount of work of a different character. This is true with respect to vessels navigating inland waters as well as ocean-going and coastal vessels.

29 C.F.R.§ 783.31. "Substantial" is defined as "more than 20% of the time worked by the employee during the work week." Id. at § 783.37. The 20% rule should not be applied in a mechanical fashion:

> [I]n a given week a "crew member may, without any change

>   in basic assignment or position, spend more than 20% of his time performing nonseaman's work. This should not mean that the crew member loses his seaman status for that week, and in such a case the crew member should remain a seaman unless, as a general matter, a substantial portion of his time was taken up by nonseaman's work.

Godard v. Alabama Pilot, Inc., 485 F. Supp. 2d 1284, 1296 (D.Ala. 2007)(citing Owens v. Sea River Maritime, Inc., 272 F.3d 698, 73 (5th Cir. 2001)). The Fifth Circuit defines a seaman's work for the purposes of the FLSA as work that is "rendered primarily as an aid in the operation of [a] vessel as a means of transportation." Owens, 272 F.3d at 704 (citing 29 C.F.R. § 783.31). Thus, "workers who are primarily concerned with loading and unloading cargo" are not considered seaman within the meaning of the FLSA. Id. (citing 29 C.F.R. §783.36). Rather, seamen include members of the crew such as "sailors, engineers, radio operators, firemen, pursers, surgeons, cooks and stewards if, as is the usual case, their service is of the type described in § 783.31." 29 C.F.R. § 783.32. Ultimately, whether a worker is "employed as a seaman" ultimately depends on "the character of work he actually performs." 29 C.F.R. § 783.33.[3]

---

[3] Section 783.33 further provides, as pointed out by Trosclair:
>   ...one is not employed as a seaman within the meaning of the Act unless one's services are rendered primarily as an aid in the operation of the vessel as a means of transportation, as for example services performed substantially as an aid to the vessel in navigation. For this reason it would appear that employees

"[T]he term 'seaman' does not have a fixed and precise meaning"; rather, "its meaning is governed by the context in which it is used and the purpose of the statute in which it is found." 29 C.F.R. § 783.29. The critical factual questions implicated by the FLSA's seamen exemption relate to the job duties that the employee performs and the proportion of their working hours that they devote to particular duties. See Godard, 485 F. Supp. 2d at 1286.

Offshore Marine contends that because Trosclair was subject to the direction, authority and control of the Master, was working aboard vessels operating on navigable waters; and a substantial amount, if not all, of his working time is in aid of the operation of vessels, he is a seaman exempt from the FLSA overtime provisions. In support of these contentions, Offshore Marine submits affidavits in which Offshore Marine personnel, including another marine electrician, attest that Trosclair was subject to the authority, control, and direction of the captains in the fleet; that Trosclair was responsible for the maintenance of electrical equipment as required for the safe operation of the vessel; and that Trosclair was "at all times" assigned to Offshore Marine's fleet of vessels. But Trosclair disputes these factual assertions.

---

> making repairs to vessels between navigation seasons would not be "employed as" seamen during such a period.... For the same and other reasons, stevedores and longshoremen are not employed as seamen.

9

In support of his opposition to Offshore Marine's motion for summary judgment, Trosclair submits his own affidavit, in which he disputes these critical facts by stating that his primary responsibilities were the general maintenance and electrical equipment owned by Offshore, including equipment on Offshore's fleet of vessels when they were in port, equipment at Offshore's hunting camp, and equipment at Offshore's houseboat; he worked out of the Cutoff shop under authority of the port captain and was not under the control of the master of any vessel; he slept at home and drove to the shop each day; he was never a member of the crew of any vessel; and greater than 20% of his work was performed away from the vessels "usually in the shop, but also at camps, houseboats, and homes." In short, Trosclair argues that the FLSA does not exempt, as he characterizes it, a land-based electrical repairman whose work was almost exclusively onshore and whose work on any jacked-up vessel ultimately aids in future navigation. Trosclair further contends that even if his primary job was determined to be seaman's work, he also performed a substantial amount of nonseaman's work.

Faced with these competing affidavits, because the Court must avoid weighing the evidence and making credibility determinations, the Court finds that summary judgment is inappropriate; the inherently fact-based determination as to whether or not Trosclair is a seaman exempt from the FLSA's overtime wage requirements must

await trial. Accordingly, the defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, June 19, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE